Andrew G. Watters (#237990)
Watters & Jacobs, LLP
555 Twin Dolphin Dr., Ste. 135
Redwood City, CA 94065
+1 (650) 542-0057,800
andrew@watters.law


Attorney for Plaintiff Paul M. Rubino[1]


UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| PAUL M. RUBINO, an individual, ) | Case No: |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | |
| v. ) | 18 U.S.C. sec. 1964(c) |
| ) | |
| CONRAD J. RANKIN, an individual; ) | |
| RICHARD S. MAZA, an individual; ) | |
| NICHOLAS RANKIN, an individual; ) | |
| RICHARD TROYAN, an individual; ) | |
| and Does 1-20, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| _____ / | |

---

[1]Notice of related case: *Watters v. Troyan*, 5:26-cv-02808-NW.

COMPLAINT

## INTRODUCTION

The purpose of this action is to enjoin and hold to account an organized criminal enterprise run by several self-described "First Amendment Auditors" who regularly commit felonies by goading victims into being unlawfully pepper sprayed by them, and then profiting from the incidents they stage through monetized YouTube channels known as "IIMPCTMedia," "True North Transparency," and others.

## JURISDICTION AND VENUE

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968; 18 U.S.C. § 1951 (Hobbs Act – interference with commerce by threats of violence); and other federal statutes authorizing injunctive relief against foreign citizens. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant is subject to personal jurisdiction here because he threatened Plaintiff and also attacked someone in this District shortly after his interactions with Plaintiff, which shows a pattern of unlawful conduct.

This Court has personal jurisdiction over Defendants because they either reside in this State or have purposefully directed their unlawful conduct toward Plaintiff and others in California while present in California, and the effects of their conduct were felt in California.

## PARTIES

Plaintiff Paul Rubino is an individual and citizen of the United States residing in Santa Clara County, California, within the Northern District of California.

Defendant Conrad J. Rankin is a resident of California and is the kingpin of an organized criminal enterprise centered around goading people into being pepper sprayed by Rankin and others. Rankin monetizes these staged incidents through the IIMPCTMedia YouTube channel. Rankin is believed to be a convicted felon, and therefore is also possessing and using pepper spray contrary to law.

COMPLAINT

Richard S. Maza is an individual residing in California, and is the one who actually pepper sprayed Plaintiff on this occasion. Maza was arrested and has felony charges pending in state court in Santa Clara County.

Nicholas Rankin is Conrad Rankin's son, a resident of California, and participates in the same criminal conduct as his father.

Defendant Richard Troyan is an individual and a citizen of Canada. Like Rankin, Troyan operates a monetized YouTube channel through which he solicits subscriptions and contributions from subscribers for "click bait" content, in which he goads people into being pepper sprayed by him for no valid reason.

Defendants Does 1-20 are unknown persons or organizations that may have liability in this matter, and will be named through Doe amendments as they are identified.

## FACTUAL ALLEGATIONS

At all relevant times, on March 28, 2026, Plaintiff was lawfully shopping at Costco in Mountain View, California. Costco is a large nationwide chain store with hundreds of locations. The subject location is in Mountain View, which is within the Northern District of California. Plaintiff regularly shops at this location.

On March 28, 2026, while Plaintiff was shopping at Costco, Defendants repeatedly confronted and harassed Plaintiff, and threatened Plaintiff with physical violence and pepper spray in order to obtain video content for Defendants' YouTube channels, as described in the attached police report, which is incorporated by reference.

Defendant Maza ultimately did pepper spray Plaintiff, and he was arrested and charged with unlawful use of pepper spray, among other crimes, in state court.

The next day, March 29, 2026, Defendants actually attacked a third party with pepper spray in a similar setting nearby in Menlo Park. Defendants also repeatedly harassed other victims, including elderly women, women pushing baby strollers, and similar victims at multiple locations that same day. Defendants have been involved in similar incidents at other locations in California and other states.

Defendants made the threats against Plaintiff and committed the pepper-spray attack on him

COMPLAINT

- 3 -

for the sole purpose of generating video content for their monetized YouTube channels, from which they derive substantial revenue through subscriptions and subscriber contributions.

Defendants' threats and violent conduct were made with the intent to induce fear and to interfere with lawful activities, as shown in the video of the interaction taken by Defendants, which is in their possession. In a related case filed by Plaintiff's counsel Andrew Watters, 5:26-cv-02808-NW, Defendant Troyan threatens to "hurt [Watters] really badly" and "absolutely mace the shit out of [Watters]" while Watters was merely filming Defendant back from a suitable distance. The threats against this Plaintiff were not privileged, were not justified, and were not excused in any manner. Defendant Maza and his collaborators on this occasion[2]– who do exactly the same thing– conspired to do this.

As a direct and proximate result of Defendants' threats and violent conduct, Plaintiff suffered physical injury including vision loss in his eyes, corneal injury, pain and suffering, emotional distress, and was obstructed from shopping peacefully (a civil and property right), and also had a fear of future harm due to the Defendants' repeated violent behavior, which is evident from other scenarios readily found on their channels and online.

Defendants' conduct affected interstate commerce because Defendants created this content specifically for clicks on Defendants' YouTube channels, which operate in interstate commerce between the U.S. and Canada; the threats and attack occurred in a retail establishment engaged in interstate commerce including the free movement of goods and people; and Defendants' activities interfered with the free movement of goods and people in a manner affecting interstate commerce.

Coincident with the foregoing, Defendants have engaged in a pattern of racketeering activity, including multiple acts of extortion by threats of violence and actual violence in violation of 18 U.S.C. § 1951, and by Troyan making false statements on immigration forms or visa applications in violation of 18 U.S.C. § 1546 when Troyan sought admission to the U.S. from Canada as a tourist without disclosing that this criminal enterprise is his full-time job. The pepper-spray attack on a third party the day after the incident with Plaintiff demonstrates the continuing and imminent nature of the threat, justifying injunctive relief. Defendants' actions also constitute a

---

[2]Employees or other associates of Conrad J. Rankin, a convicted felon from San Diego, California who runs the YouTube channel @iimpctmedia.

COMPLAINT

continuing threat of future harm to Plaintiff and the community because, by their nature, these criminals show up randomly throughout the community and state, and harm people.

## FIRST CLAIM FOR RELIEF

(Civil RICO – 18 U.S.C. §§ 1962 and 1964)

Against all Defendants

Through the foregoing course of conduct, Defendants have violated 18 U.S.C. § 1962(c) by conducting or participating in the conduct of an enterprise through a pattern of racketeering activity.

The predicate acts of racketeering activity include extortion by threats of physical violence and actual violence in violation of 18 U.S.C. § 1951, which affected interstate commerce.

Plaintiff has been injured in his business or property by reason of Defendant's violation of § 1962 and is entitled to treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c), as well as injunctive relief and divestiture by Defendant of any interest in the RICO enterprise.

## SECOND CLAIM FOR RELIEF

(Assault – California Common Law)

Against all Defendants

Defendants' intentional threats of immediate physical violence placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact.    Defendant Maza unlawfully used his pepper spray on Plaintiff, itself a felony, and his co-conspirator Troyan threatened to "absolutely mace the shit out of" Plaintiff's counsel in a related case. Plaintiff believed Defendants when they threatened to use and one of them did actually use pepper spray, placing Plaintiff in actual fear of being pepper sprayed.    As a direct and proximate result, Plaintiff has suffered damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

(Interference with Commerce by Threats of Violence – 18 U.S.C. § 1951)

(Conspiracy Against Rights 18 U.S. Code § 241)

Against all Defendants

Defendant's threats of physical violence and actual violent attack on a third party obstructed,

COMPLAINT

- 5 -

delayed, and affected commerce and the movement of articles and people in commerce, in violation of 18 U.S.C. § 1951, and also Defendant conspired with several other individuals to obstruct Plaintiff's free exercise of his rights. Plaintiff seeks all available relief, including injunctive relief.

## FIFTH CLAIM FOR RELIEF

(Injunctive Relief under Federal Statutes)

Against all Defendants

Defendant's ongoing threats, harassment, and recent violent attack (pepper spray on a third party) create a continuing and imminent risk of irreparable harm. Plaintiff is entitled to injunctive relief under 18 U.S.C. § 1964 and other applicable federal statutes, especially because one of the Defendants is a foreign citizen with an unknown local address in the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Compensatory damages in an amount to be proven at trial;

B. Treble damages under 18 U.S.C. § 1964(c);

C. Punitive damages as permitted by law;

D. Injunctive relief, including a temporary restraining order and preliminary and permanent injunction prohibiting Defendant from contacting, harassing, threatening, or coming within 100 yards of Plaintiff or filming Plaintiff;

E. Divestiture of any interest Defendant holds in the RICO enterprise;

F. Attorney's fees and costs of suit;

G. Pre- and post-judgment interest;

H. Criminal referral to the FBI; and

I. Such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL Plaintiff demands a trial by jury on all issues so triable. Dated: April 18, 2026.

Date:    April 18, 2026          By:    _Andrew G. Watters_
_____
                                         Andrew G. Watters, Esq.
                                         Plaintiff's Counsel

COMPLAINT

- 6 -