Andrew G. Watters (#237990)
Watters & Jacobs, LLP
555 Twin Dolphin Drive, Suite 135
Redwood City, CA 94065
(650) 542-0057
andrew@watters.law

Attorney for Plaintiff,
Paul M. Rubino

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL M. RUBINO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CONRAD J. RANKIN, an individual;<br>RICHARD S. MAZA, an individual;<br>NICHOLAS RANKIN, an individual;<br>RICHARD TROYAN, an individual;<br>and Does 1-20, inclusive,<br><br>Defendants. | Case No.: 5:26-cv-03291-NC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE BY PUBLICATION AND ALTERNATIVE MEANS, AND TO EXTEND TIME FOR SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: November 25, 2026<br>Time: 11 a.m.<br>Place: Courtroom 5<br><br>280 S. 1st St., San Jose, CA 95113 |

**NOTICE OF MOTION**

Please take notice that on a date and time to be set by the Court in an electronic filing notification, or otherwise, Plaintiff Paul M. Rubino will move the Court for an order authorizing alternative service of process in this matter by publication.

The motion is authorized by Federal Rule of Civil Procedure 4(f)(3), which permits an order authorizing alternative service of process. The motion seeks to authorize service on Defendants Conrad Rankin, Nicholas Rankin, Richard Troyan, and Richard Maza.

The grounds for the motion are that Plaintiff has exercised reasonable diligence as to each

domestic Defendant. Despite Plaintiff's diligence, none of these efforts has produced an address where any Defendant can be served.

The motion is based upon this Notice of motion, the Memorandum of Points and Authorities, the Declaration of Andrew Watters, the pleadings on file with the court, and any oral argument of counsel at the hearing.

Dated: October 21, 2026

Andrew J. Watters

Andrew Watters
Attorneys for Plaintiff
Paul M. Rubino

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Paul M. Rubino (hereinafter "Plaintiff") was pepper sprayed in the face while shopping at the Mountain View Costco on March 28, 2026. He suffered corneal injury and loss of vision. Defendant Richard S. Maza was arrested and charged in Santa Clara County Superior Court for the attack. (FAC ¶¶ 11-13, 17.) Defendants Conrad Rankin, Nicholas Rankin, Richard Troyan, and Richard Maza make their living traveling from city to city as "First Amendment Auditors" to film their confrontations with everyday citizens for monetized YouTube channels. None of the Defendants keeps a fixed address that Plaintiff has been able to find.

Since filing, Plaintiff has continued to diligently search public records, looked up address information in Maza's criminal case, and written to the business email addresses Defendants publish on their YouTube channels. None of these efforts has produced a physical address where

any Defendant can be served. California law authorizes publication or alternative service in exactly this situation, and Ninth Circuit authority permits court-directed alternative service on a defendant abroad. Plaintiff asks the Court to authorize both and to extend the service deadline so that publication can run its course.

For the foregoing reasons, Plaintiff requests this court grant his motion to serve Defendants via publication.

## II. STATEMENT OF FACTS/PROCEDURAL HISTORY

Plaintiff Paul M. Rubino was pepper sprayed in the face by Defendants while shopping at the Mountain View Costco on March 28, 2026. Plaintiff suffered corneal injury and loss of vision. Thereafter, Plaintiff filed suit on April 18, 2026. Despite Plaintiff's diligent efforts, he has been unable to serve Defendants.

## III. ARGUMENT

### A. Legal Standard

An individual within a judicial district of the United States may be served by following the law of the state where the district court is located or where service is made. (Fed. R. Civ. P. 4(e)(1).) California law therefore governs service on Conrad Rankin, Nicholas Rankin, and Richard Maza. Rule 4 is a flexible rule that should be liberally construed so a party receives sufficient notice of the complaint. (*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).)

If the plaintiff is unable to serve the defendant via traditional means after such a search, then service via publication is appropriate. (*Giorgio v. Synergy Management Group, LLC* (2014), 231 Cal. App. 4th 241, 248.)

A court may authorize service by publication when it appears by affidavit that the party

to be served cannot with reasonable diligence be served in another manner specified in the Code, and a cause of action exists against that party. (Cal. Code Civ. Proc. § 415.50(a)(1); *Watts v. Crawford*, 10 Cal. 4th 743, 748-49 (1995).) Reasonable diligence means a thorough investigation and inquiry conducted in good faith by the party or its attorney. (*Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996).)

Diligence is measured against the circumstances of the case. A court may not condition a finding of reasonable diligence on searches of voter registration rolls, Department of Motor Vehicles records, or other databases that registered process servers are barred from using. (Cal. Code Civ. Proc. § 415.50(e). The order must direct publication in a named newspaper most likely to give actual notice, and must direct that the summons, complaint, and order be mailed to the party if an address is ascertained before publication is complete. (Cal. Code Civ. Proc. § 415.50(b).) Publication runs once a week for four successive weeks, and service is complete on the twenty-eighth day. (Cal. Code Civ. Proc. § 415.50(c); Cal. Gov't Code § 6064.)

An individual outside the United States may be served by other means not prohibited by international agreement, as the court orders. (Fed. R. Civ. P. 4(f)(3).) Service under Rule 4(f)(3) need only be directed by the court and not prohibited by international agreement. (*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).) It is neither a last resort nor extraordinary relief, and a plaintiff need not first attempt the methods listed in Rule 4(f)(1) or (2). The method chosen must be reasonably calculated, under all the circumstances, to apprise the defendant of the action and afford an opportunity to respond. (*Id.* at 1016-17 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).)

**B. Plaintiff Should Be Permitted To Serve Via Publication Because Plaintiff Exercised Reasonable Diligence As To Each Domestic Defendant**

Plaintiff's efforts track the sources of information the California courts expect a diligent plaintiff to check. (*See Kott, supra,* see also *Watts, supra.*) For each of Conrad Rankin, Nicholas Rankin, Richard Troyan, and Richard Maza, Plaintiff (1) attempted personal service at every address his investigation produced; (2) searched property, court, and business records; (3) contacted the people most likely to know each Defendant's whereabouts, including Maza's prosecutor; and (4) wrote to the business email addresses Defendants hold out to the public. Numerous diligent attempts have been made at last known addresses, as well as at hostels where the Defendants are known to reside. All to no avail.

The circumstances here make further effort unlikely to succeed. Defendants' business depends on traveling to new locations and filming strangers, and their own channels show them moving between cities and states within a matter of days. (FAC ¶ 14.) Personal or substituted service under sections 415.10 and 415.20 requires a place to find the defendant or a dwelling, usual place of abode, or business at which to leave papers. (Cal. Code Civ. Proc. §§ 415.10, 415.20.) Plaintiff has found none for any Defendant except Troyan's apparent home in Canada, which in any case was denied by his ostensible roommate. Service by mail under Cal. Code Civ. Proc. § 415.30 depends on the defendant signing and returning an acknowledgment, which Plaintiff would attempt except that none of the Defendants is expected to respond.

Plaintiff has exhausted all reasonable efforts to serve these Defendants. Therefore, service by publication is the only remaining method available.

For the foregoing reasons, this Court should grant Plaintiff's motion for service by publication.

**C. <u>The Proposed Publication Is The Method Most Likely To Give Actual Notice To Defendants</u>**

Plaintiff proposes publication of the summons once a week for four weeks in a newspaper in California (for the three domestic defendants), and Canada (for Troyan). For Conrad Rankin and Nicholas Rankin, a newspaper published in San Diego County, such as the San Diego Union Tribune, where Conrad Rankin is last known to have lived. For Defendant Richard Maza, The *Metro News* is a newspaper of general circulation that offers the service of placing legal notices. The *Metro News* is published in Santa Clara County, where Defendant Richard Maza's criminal case is pending and where he was arrested. These are the places each Defendant is most closely tied to, which is what section 415.50(b) directs the Court to consider. For Troyan, a newspaper in the Toronto area will suffice. As such, the proposed newspapers are appropriate for the purpose of service via publication.

Plaintiff also asks that the order direct supplemental notice that publication alone cannot provide. Plaintiff will mail the summons, First Amended Complaint, and order to each Defendant's last known address and to any address ascertained before publication is complete, as section 415.50(b) requires. (Cal. Code Civ. Proc. § 514.50(b).) Plaintiff will also email the same papers to each Defendant's published business email address and will serve a courtesy copy on Richard Maza's criminal defense counsel. Layering these channels on top of publication makes actual notice far more likely and satisfies due process. (See *Mullane, supra*.)

For the foregoing reasons, this Court should grant Plaintiff's motion for service by publication.

**D. <u>Good Cause Supports Extending The Time For Service For Plaintiff To Serve Via Publication</u>**

If a plaintiff shows good cause for failing to serve within 90 days, the court must extend the time for service. (Fed. R. Civ. P. 4(m).) Even without good cause, the court has broad

discretion to extend the time. (*Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007).) In exercising that discretion, courts consider factors including prejudice to the defendant, actual notice of the lawsuit, and whether the plaintiff would be severely prejudiced by dismissal. (*Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).)

Good cause exists here. Plaintiff has pursued service since filing, and the delay results from Defendants' lifestyle, not from any lack of effort. Additionally, Defendants suffer no prejudice from an extension. Plaintiff asks that the time to serve be extended 5 months so that Plaintiff can serve via publication in newspapers of general circulation.

For the foregoing reasons, this Court should grant Plaintiff's motion for service by publication.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff requests this court grant his motion to serve Defendants via publication. Such service fully satisfies the requirements of due process under Mullane and Rule 4(f)(3) as it is reasonably calculated to apprise Defendants of this action and afford them an opportunity to respond.

Dated: October 21, 2026

Andrew G. Watters

Andrew Watters
Attorneys for Plaintiff
Paul M. Rubino