Andrew G. Watters (#237990)
Watters & Jacobs, LLP
555 Twin Dolphin Drive, Suite 135
Redwood City, CA 94065
(650) 542-0057
andrew@watters.law

Attorney for Plaintiff,
Paul M. Rubino

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL M. RUBINO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CONRAD J. RANKIN, an individual;<br>RICHARD S. MAZA, an individual;<br>NICHOLAS RANKIN, an individual;<br>RICHARD TROYAN, an individual;<br>and Does 1-20, inclusive,<br><br>Defendants. | Case No.: 5:26-cv-03291-NC<br><br>CASE MANAGEMENT STATEMENT<br><br>DATE: OCTOBER 28, 2026<br>TIME: 10 A.M.<br>PLACE: COURTROOM 5<br><br>280 S. 1ST ST., SAN JOSE, CA 95113<br><br>HON. NATHANIEL COUSINS |

**1. Jurisdiction and Service**

This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 (federal question), in that the action asserts a civil RICO cause of action. Additionally, Defendant Richard Troyan is a Canadian citizen and resides in Canada, which may be severable. Plaintiff has consented to Magistrate Judge jurisdiction.

Personal jurisdiction and venue: service has been difficult and a motion for publication is recently pending.

Service: no Defendants have been served for the reasons indicated in the motion for publication; Defendants are transient and move from place to place with impunity.

**2. Facts**

Brief chronology of the facts:

Plaintiff suffered vision loss and emotional distress from being pepper sprayed by Defendant Richard Maza, who was convicted of battery arising out of the incident. The other Defendants are co-conspirators and they all profit from filming such wrongful acts on their monetized YouTube channels.

Principal factual issues in dispute:

Liability of the conspirators for the principal's actual pepper spray attack.

**3. Legal Issues**

The principal disputed points of law are:

Whether a YouTube monetization of violent acts filmed by Defendants is a civil RICO violation.

**4. Motions**

Prior and pending motions: motion for service by publication.

Anticipated motions: motion for summary judgment, when appropriate.

**5. Amendment of Pleadings**

The parties anticipate the following amendments: none.

**6. Evidence Preservation**

Plaintiff certifies that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have not met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action, pending service on Defendants. See ESI Guidelines 2.01 and 2.02.

**7. Disclosures**

Initial disclosures under Fed. R. Civ. P. 26(a)(1): have not been done because Defendants have not been served and are avoiding service.

**8. Discovery**

Discovery taken to date: none.

Scope of anticipated discovery: depositions and written discovery.

Proposed limitations or modifications of the discovery rules: none.

The parties have considered entering into a stipulated e-discovery order: not applicable pending service on Defendants.

Proposed discovery plan pursuant to Fed. R. Civ. P. 26(f): depositions and written discovery completed within four months after service on Defendants.

Identified discovery disputes: none anticipated. Plaintiff acknowledges the Standing Order requiring in-person meet-and-confer efforts.

**9. Class Actions**

Not applicable.

**10. Related Cases**

Related cases or proceedings: there are currently no related civil cases. Defendant Richard Maza has a closed misdemeanor criminal case in Santa Clara County, California arising out of this incident, and Defendant Richard Troyan has a pending felony case in San Mateo County, California arising out of a similar incident.

**11. Relief**

Plaintiff seeks the following relief: $3 million for permanent vision loss and disability.

Defendant's position is unknown at this time pending service.

**12. Settlement and ADR**

Prospects for settlement: low.

ADR efforts to date: none pending service.

**13. Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation because Defendants are expected to not consent to arbitration, and otherwise.

**14. Narrowing of Issues**

Issues that can be narrowed by agreement or by motion: whether liability is established based on Richard Maza's guilty plea in State Court. His position on this issue is currently unknown.

**Most consequential issues:**

Application of RICO law to monetized YouTube channel showing violent acts precipitated and filmed by Defendants.

**15. Scheduling**

Plaintiff proposes the following schedule:

Motion for publication: November 25, 2026.

Service by publication completed: March 24, 2027.

Deadline to amend pleadings: April 23, 2027.

Close of fact discovery: July 22, 2027.

Designation of experts / expert reports: September 20, 2027.

Close of expert discovery: October 20, 2027.

Hearing on dispositive motions: November 20, 2027.

Pretrial conference: December 20, 2027.

Trial: January 10, 2028

**16. Trial**

The case will be tried to a jury.

Expected length of trial: 7-8 days.

**17. Disclosure of Non-party Interested Entities or Persons**

There are no entities for Plaintiff to disclose.

//

//

**18. Professional Conduct**

Plaintiff's counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

Other matters that may facilitate the just, speedy, and inexpensive disposition of this matter: none.

Watters & Jacobs, LLP

Dated: October 21, 2026

Andrew J. Watters

Andrew Watters
Attorneys for Plaintiff
Paul M. Rubino